UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BALBUENA BARRIOS (A-Number: 221-493-903),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-06315-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(Doc. 1) |

Petitioner Miguel Balbuena Barrios, a federal immigration detainee, initiated this action on August 10, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in custody of the U.S. Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. *Id.* ¶ 1.

On June 18, 2026, in an earlier habeas action filed by Petitioner, this Court granted the writ of habeas corpus and ordered the government to provide Petitioner with a bond hearing. *See Balbuena Barrios v. U.S. Attorney General, et al.*, Case No. 1:26-cv-04192-KES-CDB (HC) (Doc. 6).

In the instant petition, Petitioner alleges that he was afforded a bond hearing before an immigration judge ("IJ") on July 1, 2026, that the government did not establish at the bond hearing by clear and convincing evidence that Petitioner was either a risk of flight or danger, that the IJ

denied his request for release, and that the IJ's decision "violates the Due process clause of the Fifth Amendment." (Doc. 1 ¶¶ 3-4). Petitioner sets forth no facts in support of his allegation that the bond hearing he received was constitutionally defective.

Petition alleges that he appealed the IJ's bond decision to the BIA on July 24, 2026. *Id.* ¶¶ 6, 23.

## I. Governing Authority

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *e.g.*, *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *e.g., Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted).

## II. Discussion

Although, as set forth above, the Court retains jurisdiction to determine whether the government complied with its earlier grant of the writ of habeas corpus and its order to provide Petitioner with a bond hearing, for two reasons, the undersigned declines to recommend that the Court construe the petition as a motion to enforce the Court's earlier order.

First, Petitioner's only allegation that the bond hearing he received was constitutionally defective is that the government failed to prove by clear and convincing evidence that he is either a flight risk or a danger to the community. However, the Court's order did not impose upon the government any such burden. Instead, the Court ordered the government to provide Petitioner a bond hearing pursuant to section 1226(a) and its implementing regulations. *See* (Case No. 1:26-

cv-04192-KES-CDB (HC), Doc. 6 at 2). At such a bond hearing, to be entitled to release, the detainee must establish "by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Thus, to the extent Petitioner's constitutional claim hinges on the government's failure to meet a standard of proof inapplicable at his bond hearing, the claim fails.

Second, Petitioner has alleged no facts in support of his claim that the bond hearing otherwise was constitutionally defective. Rule 2(c) of the Rules Governing § 2254 Cases (which are applicable in this habeas proceeding brought pursuant to § 2241)[1] requires a petition to "state the facts supporting each ground" for relief. Although pro se habeas corpus petitions are to be liberally construed (*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague or conclusory are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Because Petitioner alleges no facts about what occurred at the bond hearing and why the proceedings were constitutionally defective, his conclusory assertion that the proceedings failed to comply with the Due Process Clause of the Fifth Amendment are inadequate to state a claim.[2]

///

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by [28 U.S.C. § 2254]."); *Lane v. Feather*, 584 Fed. Appx. 843, 843 (9th Cir. 2014) ("the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant [§ 2241] petition") (citing Rule 1(b)). Judges of this Court routinely apply the Rules Governing § 2254 Cases, including specifically Rule 2(c) and its pleading standard, in § 2241 cases. *E.g.*, *Huasica v. Warden*, No. 2:23-cv-02271-CKD P, 2023 WL 8092462, at *1 (E.D. Cal. Nov. 21, 2023); *Robinson v. Warden*, No. 1:22-cv-0169-CDB (HC), 2023 WL 373378, at *1 (E.D. Cal. Jan. 24, 2023); *Tang v. ICE, Enforcement and Removal Operation*, No. 1:12-cv-02073-BAM-HC, 2013 WL 129401, at *1 (E.D. Cal. Jan. 9, 2013).

[2] Petitioner's form petition includes allegations that he has been subject to prolonged detention (since May 1, 2026) in violation of the Fifth Amendment to the U.S. Constitution. That claim lacks merit as his detention pending his ongoing removal proceedings for approximately four months as of the date of these findings and recommendations is well under the six month period the U.S. Supreme Court has deemed "presumptively reasonable." *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## III. Conclusion and Order

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus (Doc. 1) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages exceeding the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 3, 2026**

UNITED STATES MAGISTRATE JUDGE